**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gilmar Salas MORALES,**
**Defendant–Appellant.**

**No. 88–5642**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 7, 1989.

R. Clark Adams, Lucien B. Campbell, Federal Public Defenders, San Antonio, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Convicted on a plea of possession of cocaine with intent to deliver, 21 U.S.C. §§ 841(a)(1), 846, Gilmar Salas Morales was sentenced under the Sentencing Guidelines to 72 months imprisonment and a five-year term of supervised release. Morales appeals the trial court's upward adjustment of the sentence for possession of a weapon during commission of the offense. Finding no error, we affirm.

The sole issue on appeal is the propriety of the trial court's application of Guideline section 2D1.1(b)(1), and addition of two levels to Morales' offense level computation. Morales maintains that the court erred by making this upward adjustment on the basis that he possessed a weapon during the commission of the drug offense. We perceive no such error.

Morales brought a gym bag into the apartment where the cocaine transaction occurred and placed it in a nearby room. The bag contained a handgun, a Ruger .44 Blackhand pistol, and several rounds of ammunition. Morales insists that he was unaware of the gun but carried the bag as part of his projected role as a "decoy," in case the transaction collapsed.

The proffered testimony of the undercover DEA agent was to the effect that after his arrest and due warning Morales stated that he had been given the gun by a co-conspirator, for use if the transaction "went bad." The gun was in the gym bag when given to him. A co-conspirator told the Probation Officer that the conspirators, including Morales, had discussed having a pistol in case the deal soured. Morales testified at the sentencing hearing but denied making the attributed statements.

In making its credibility assessment, the trial court discredited the testimony of Morales. We need hardly remind of the deference the appellate court must give to such determinations. *United States v. Franco–Torres*, 869 F.2d 797 (5th Cir.1989). *See*

*Anderson v. Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

Moreover, the commentary to Guideline section 2D1.1(b)(1) clearly states that due to the increased danger of violence "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Supported by that language we have held that:

> Either use or possession of a firearm therefore suffices to support a sentence above the calculated guideline. The firearm need not ... have played a significantly more prominent role ... firearm use or possession per se is a permissible basis for upward adjustment.

*United States v. Otero,* 868 F.2d 1412, 1414 (5th Cir.1989). In fact, in *Otero* we found that a gun in the defendant's van used to transport cocaine, but not present in the motel room where the drug deal took place, was sufficient to establish constructive possession of the weapon. We held that the trial court in *Otero* was justified in implementing a two-level upward adjustment of the defendant's sentence. The *Otero* rationale compels our conclusion today.

In the case at bar Morales carried a bag into the apartment just before the drug transaction was completed. The bag contained a handgun and ammunition. One of the co-conspirators spoke of the plan to have the handgun present and to use it on the undercover agent if necessary. Morales is quoted as saying he was given the gun to use if the deal "went bad." The trial court did not err, after accepting that version of the facts, in making the upward adjustment for the possession of a weapon during commission of the offense.

AFFIRMED.