908 F.2d 974
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell GIBSON, Defendant-Appellants.
 Nos. 89-6266, 89-6273.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1990.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and PATRICK J. DUGGAN, District Judge.*
 PER CURIAM:
 
 
 1
 In this criminal matter, defendant-appellant Gibson pled guilty to charges that he (1) conspired to distribute 16 kilograms of cocaine, in violation of 21 U.S.C. Sec. 846, and (2) attempted to escape from custody, in violation of 18 U.S.C. Sec. 751(a). The district court sentenced Gibson to concurrent terms of twenty years (for the drug offense) and eighteen months (for the escape offense) imprisonment. The 20-year sentence represents the statutory minimum pursuant to 21 U.S.C. Sec. 841(b)(1)(A).[1] On appeal, Gibson seeks review of his sentence. We will affirm the district court.
 
 Gibson contends that the district court:
 
 2
 (1) violated his constitutional rights in imposing sentence, specifically, his right to a trial by jury, guaranteed by the Sixth Amendment and his Fifth Amendment privilege against self-incrimination;
 
 
 3
 (2) erred in finding that he obstructed justice;
 
 
 4
 (3) erred in finding that he did not accept responsibility; and
 
 
 5
 (4) erred in declining to adjust the sentence for the substantial assistance he believes he provided the government in the prosecution of his co-conspirators.
 
 
 6
 These contentions are unpersuasive.
 
 
 7
 There were no constitutional violations. Though the district court did refer, in passing, to the fact that the plea was given after trial had begun, such reference cannot be reasonably read to support Gibson's suggestion that the Court punished him for previously electing to stand trial. U.S. v. Stockwell, 472 F.2d 1186 (9th Cir.1973), upon which defendant heavily relies, is clearly distinguishable. There, the trial court played an active role in plea bargaining. Because the negotiations later broke down, the inference drawn by the appellate court was that the defendant was treated harshly for refusing to plead. No comparable inference can be fairly drawn here, and, thus, no Sixth Amendment violation occurred.
 
 
 8
 The privilege against self-incrimination, protected by the Fifth Amendment, was not violated either. Gibson charges, in essence, that the district court unconstitutionally emphasized his decision not to testify at the sentencing hearing. A review of the transcript does reveal that the court invited him to give his version of the facts it considered crucial in passing sentence, and that he declined. Importantly, however, case law clearly obliges a court to allow defendants the opportunity to rebut facts incorporated into a sentencing decision. See U.S. v. Papajohn, 701 F.2d 760 (8th Cir.1983). See also U.S. v. Powell, 487 F.2d 325 (4th Cir.1973).
 
 
 9
 Nor were the district court's findings erroneous. Believing that Gibson had purposefully evaded the F.B.I. and, when in the custody of law enforcement officials, had attempted to escape, the district court found that he had obstructed justice and, relatedly, had not accepted responsibility. Gibson disagrees claiming, instead, that he attempted to escape to avoid retribution from his co-conspirators who were housed in the same facility as he. In dismissing Gibson's contention, the district court found, in part, that Gibson wasn't motivated by fear of his co-conspirators. This finding, we hold, is not clearly erroneous. U.S. v. Wilson, 878 F.2d 921 (6th Cir.1989). Gibson's citation, again, does not counsel otherwise. See U.S. v. Franco-Torres, 869 F.2d 797 (5th Cir.1989), where the court said that when a judge has no firm conviction, he should resolve conflicts in favor of the defendant. Id. at 801. Here, the district judge was of the firm conviction that Gibson was not motivated by fear of his co-conspirators.
 
 
 10
 Even if there was some merit to defendant's position that the district court "erred" with respect to the first three claims of error, such "error" is of no consequence because Gibson was sentenced to the statutory minimum of 20 years for the Sec. 846 offense. Simply put, having received the minimum sentence prescribed by law, Gibson was not prejudiced by the alleged constitutional violations nor by any alleged error in the district court's findings that he obstructed justice and did not accept responsibility.
 
 
 11
 Turning to Gibson's fourth contention, we acknowledge that the district court enjoyed limited authority under 18 U.S.C. Sec. 3553(e) "to [,upon motion of the government,] impose a sentence below a level established by statute as a minimum so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense...." The district court, however, noting that Gibson's "assistance" did not turn up missing cash and cocaine, declined to reduce his sentence. Such refusal, in our opinion, did not constitute an abuse of discretion and, thus, will not be disturbed today.[2]
 
 
 12
 For the reasons stated, the sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The sentence on the drug offense was also within the applicable Guidelines range. With an adjusted level of 36--Gibson's base level, 34, was increased two points by the district court for obstruction of justice--and a criminal history category of III, the range was 235-293 months
 
 
 [2]
 Indeed, the government invites us to declare, broadly, that a district court's refusal to depart pursuant to section 3553(e) is simply not reviewable. Cf. U.S. v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989). Given our holding that the district court did not abuse its discretion, we need not, today, decide the issue the government's invitation raises