25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Efrain MOYA, Defendant-Appellant.
 No. 93-1135.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1994.
 
 Before: KEITH, GUY, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Efrain Moya appeals the sentence imposed pursuant to a guilty plea for travel in interstate commerce in aid of racketeering in violation of 18 U.S.C. Sec. 371 and Sec. 1952(a)(3). Defendant was sentenced to two terms of fifty-five months to run consecutively. For the reasons set forth herein, we affirm.
 
 
 2
 * Efrain Moya pleaded guilty to an information that alleged, as part of a conspiracy, Moya arranged to transport marijuana from Texas to Lansing, Michigan, in automobiles containing secret compartments. After delivering the marijuana in Lansing, Moya returned to Texas with the proceeds. The information stated "as part of the conspiracy, Efrain Moya recruited Robert Lee Pena and Luis Chapa to act as drivers of vehicles containing marijuana." The trial court found at least five people to be involved in the conspiracy and that Moya recruited two of those five people.
 
 
 3
 Moya's conviction involved the transportation of 486 pounds of marijuana between Texas and Michigan. The district court set Moya's basic offense level at 26 and added 2 points under U.S.S.G. Sec. 3B1.1(c) due to Moya's recruitment of other individuals to participate in the conspiracy. The district court declined to award a two-point reduction for acceptance of responsibility, finding that Moya exhibited "zero sorrow."
 
 
 4
 The district court departed from the Sentencing Guidelines and increased Moya's criminal history level from III to IV. Moya had three prior misdemeanors and was on probation for driving while impaired. The district court found that the original criminal history level of III did not accurately reflect Moya's past conduct because it did not take into account 600 pounds of marijuana for which he was charged but the charges were dismissed due to an unlawful search and seizure, or 1,000 pounds of marijuana which Moya had negotiated to buy (but had not actually bought) from federal agents for $1,000 a pound. Thus, the court raised his criminal history level to IV.
 
 
 5
 Moya was ultimately sentenced to two consecutive terms of fifty-five months each. This was the low end of the 110-137 month range available to the court. Moya appeals the sentence.
 
 II.
 A. Moya's Aggravating Role
 
 6
 Moya's first argument on appeal is that his offense level should not have been raised by two levels for playing an aggravating role, but rather should be reduced by two levels due to his mitigating role in the offense. The district court found that Moya played an aggravating role in the offense of conviction. The court's finding regarding Moya's role is reviewed for clear error. United States v. Williams, 962 F.2d 1218, 1226 (6th Cir.1992).
 
 
 7
 Moya pleaded guilty to an information which charged him with recruiting others into a drug trafficking conspiracy. The district court considered the information in conjunction with testimony from federal agents who had debriefed the co-defendants to determine that Moya played an aggravating role in the offense.[1]
 
 
 8
 The district court found that at least five individuals were involved in the drug conspiracy and of those five, Moya recruited and supervised two of them. This finding is sufficient to justify a two-level increase in Moya's offense level and is not clearly erroneous.
 
 
 9
 Moya's contention that he is entitled to a two-level reduction under Sec. 3B1.2 for playing a mitigating role is contrary to the factual findings of the district court. Moya must prove that a reduction is warranted by a preponderance of the evidence. United States v. Castro, 908 F.2d 85, 90 (6th Cir.1990). It was not clear error for the district court to find that Moya had not met this burden.
 
 B. Acceptance of Responsibility
 
 10
 Moya's second argument on appeal is that his offense level should have been reduced by two levels due to his acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1. The district court found that Moya was not entitled to such a reduction. The district court's finding regarding acceptance of responsibility will not be overturned unless it is found to be clearly erroneous. United States v. Osborne, 948 F.2d 210, 211 (6th Cir.1991).
 
 
 11
 Acceptance of responsibility is a factual determination vested primarily in the sound discretion of the district court. The Sixth Circuit has stated:
 
 
 12
 Whether or not a defendant has accepted responsibility is a factual question, depending largely upon credibility assessments. With respect to such assessments we defer to the conclusion of the sentencing judge ... and affirm the sentencing judge's findings unless they are "without foundation."
 
 
 13
 United States v. Lucas, 889 F.2d 697, 700 (6th Cir.1989) (quoting United States v. Franco-Torres, 869 F.2d 797, 799 (5th Cir.1989).
 
 
 14
 The district court found that Moya "ducked" some aspects of his crime and that he exhibited "zero sorrow." The Sentencing Guidelines specifically mandate that the reduction should be given only if the defendant "clearly demonstrates acceptance of responsibility." U.S.S.G. Sec. 3E1.1. The sentencing judge found not only a lack of contrition but also a failure fully to accept responsibility for all aspects of the crime. We find that the record contains a sufficient foundation for this determination; thus, it is not clearly erroneous.
 
 C. Criminal History Level Departure
 
 15
 Moya's final argument is that the district court's upward departure from level III to level IV for his criminal history level was unwarranted. Moya contends that his sentencing range and criminal history were adequate under the guidelines.
 
 The Sentencing Guidelines state:
 
 16
 If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.
 
 
 17
 U.S.S.G. Sec. 4A1.3. The district court found that Moya's criminal history level "grossly" understated the true extent of Moya's prior criminal history.
 
 
 18
 The Sixth Circuit adopted a three-step test for reviewing departures in United States v. Joan, 883 F.2d 491, 494 (6th Cir.1989). The test requires the court first to determine whether the circumstances relied on by the district court are of a kind or degree, i.e., are "sufficiently unusual" to warrant departure. Id. This is a question of law and "review is essentially plenary". Id. Second, the court must determine whether those circumstances actually exist in the case. Id. This is a question of fact which may only be set aside if there is a finding of clear error. Id. Finally, the court must ensure that the direction and scope of the departure was reasonable. Id. This is a "judgment call" that is to be made with great deference for the sentencing judge's "superior feel for the case." Id.
 
 
 19
 Moya admitted that he participated in drug trafficking that involved 600 pounds of marijuana and that he was interested in purchasing 1,000 pounds of marijuana from an undercover agent. The district court did not consider these two circumstances as relevant conduct for purposes of determining Moya's base offense level, because the charges against Moya relative to the 600 pounds had been dismissed, apparently because of an improper search, and because Moya, while "boy, he had the criminal intent to do it," did not have the ability to actually purchase the 1000 pounds of marijuana. However, the district court found from these circumstances that Moya was "almost a career marijuana offender." We hold that it was not clear error for the district court to hold that these circumstances actually existed; neither was it an error as a matter of law for the court to conclude that they were sufficiently unusual to warrant a departure.
 
 
 20
 The direction and scope of the departure was fully appropriate. In making the departure, the district court must provide a specific reason supporting it. 18 U.S.C. Sec. 3553(c)(2); United States v. Gray, 982 F.2d 1020 (6th Cir.1993). The court specifically stated that the increase was due to the failure of the criminal history level to account for the 1,600 pounds of marijuana. The upward departure of one level was appropriate and reasonable under the circumstances.
 
 
 21
 The departure undertaken by the district court meets all three requirements set forth in Joan. 883 F.2d at 494. Because we are not left with a "definite and firm conviction that a mistake has been committed," United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948), we cannot say the district court's finding is clearly erroneous.
 
 III.
 
 22
 For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 The Sentencing Guidelines state:
 Aggravating Role
 Based on the defendant's role in the offense, increase the offense level as follows:
 (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
 (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
 (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.
 U.S.S.G. Sec. 3B1.1