United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50365
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                Plaintiff-Appellee,

versus

JOSUE MANUEL CARDIEL,

                                Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-2015
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Josue Manuel Cardiel appeals the 97-month sentence imposed

following his guilty-plea conviction for importing 50 or more

kilograms of marijuana into the United States and possession of

50 or more kilograms of marijuana with intent to distribute.  He

argues that the district court improperly estimated the amount of

marijuana that was attributed to him.

    The district court based its determination on Cardiel's

admissions, his testimony, and evidence produced by the

Government at the sentencing hearing.  Cardiel did not dispute

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that each load he transported contained approximately 80 to 100 pounds of marijuana.  Cardiel has not shown that the district court clearly erred when it estimated the drug quantity for which Cardiel was held responsible.  See United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).

Cardiel also asserts that the district court erred when it refused to reduce his offense level pursuant to U.S.S.G. § 3B1.2 for his minor role.  Cardiel contends that he was merely a courier.

The record indicates that Cardiel played an integral role in transporting large quantities of marijuana from Mexico to the United States, that the persons hiring him trusted him enough to register a vehicle in his name, and that his actions were important to the success of the drug venture.  Cardiel has not shown that the district court clearly erred in finding that he was not entitled to a reduction for a minor role in the offense. See United States v. Franco-Torres, 869 F.2d 797, 801 (5th Cir. 1989).

AFFIRMED.