**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40297
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL CASTILLO-MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-178-4
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Daniel Castillo-Martinez appeals his guilty plea convictions and 210-month sentences for conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than 50 grams of methamphetamine, possession with intent to distribute more than five kilograms of cocaine, and possession with intent to distribute more than 50 grams of methamphetamine. He argues that the district court clearly erred in determining that he was not entitled to a U.S.S.G. § 3B1.2(b) reduction in his offense level for a minor role in the offense. Because Castillo-Martinez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

twice transported a large amount of drugs from Mexico to the United States and his role of transporting the drugs was important to the success of the overall drug venture, he has not shown that the district court clearly erred in determining that he was not a minor participant under § 3B1.2.  See United States v. Franco-Torres, 869 F.2d 797, 801 (5th Cir. 1989).

Castillo-Martinez argues that in view of Apprendi v. New Jersey, 530 U.S. 466 (2000), 21 U.S.C. § 841 is unconstitutional on its face and as applied to his case.  As he concedes, this argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 581-82 (5th Cir. 2000).

Castillo-Martinez argues, and the Government concedes, that the judgment erroneously states that Castillo-Martinez was convicted of aiding and abetting in the possession convictions. Because the theory of aiding and abetting was not submitted to the jury, the case is remanded for the limited purpose of allowing the district court to correct the judgment by omitting the reference to 18 U.S.C. § 2.  See FED. R. CRIM. P. 36; United States v. Eakes 783 F.2d 499, 507 (5th Cir. 1986).

AFFIRMED; REMANDED FOR LIMITED PURPOSE OF CORRECTION OF CLERICAL ERROR IN JUDGMENT.