Robert YOUNG, Petitioner-Appellant,

v.

John D. REES, Warden KSR, LaGrange, Kentucky, Steven L. Beshear, Attorney General of Kentucky, Respondents-Appellees.

No. 81–5711.

United States Court of Appeals, Sixth Circuit.

Argued April 18, 1983.

Decided June 3, 1983.

Keith McCormick (argued), Louisville, Ky., for petitioner-appellant.

Steven L. Beshear, Atty. Gen. of Kentucky, Mary Dentinger, Joe Johnson (argued), Asst. Attys. Gen., Frankfort, Ky., for respondents-appellees.

Before EDWARDS, Chief Judge, LIVELY, Circuit Judge and MARKEY, Chief Judge.*

---

* Honorable Howard T. Markey, Chief Circuit Judge, U.S. Court of Appeals for the Federal Circuit, sitting by designation.

PER CURIAM:

Appellant Robert Young appeals from an order entered by Chief Judge Allen denying his petition for a writ of habeas corpus. He had been found guilty of murder in the Jefferson County Circuit Court of Kentucky in a trial for murder which arose out of an altercation in a bar with a man named Robert Maxwell who was subsequently shot and killed. ·

The evidence at trial disclosed that Young, Blanche Gray and Maxwell were drinking in a tavern. After an altercation among these three, Maxwell and Gray left the bar together with appellant following shortly thereafter. A man of petitioner's general description (but not clearly identified as appellant Young) followed Maxwell and Gray, shouted at them while brandishing a gun, shot Maxwell in the back and ran off. Young was subsequently arrested at his home. A gun was seized from the chair in which he sat and ballistic tests subsequently established that a shell casing found at the scene of the murder had been fired from the gun seized from appellant's house at the time of his arrest. Appellant admitted that he had been carrying the gun on the night that Maxwell was murdered.

Before Judge Allen, appellant's counsel argued that reversible error had occurred at the trial when the prosecutor brought out from police witnesses information concerning Young's statements under interrogation after he had been informed of his *Miranda* rights and when this testimony was referred to in the prosecutor's closing arguments.

This court finds no necessity to deal with appellant's claims of abuse of his rights under *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), since the District Judge in a memorandum opinion founded his denial of the writ of habeas corpus on his legal conclusion that if appellant's *Miranda* rights had been offended under the facts at trial, the error in allowing the jury to hear the disputed testimony had been

harmless beyond reasonable doubt. See *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

For the reasons set forth above and others set forth in the memorandum opinion of District Judge Allen, the District Court's judgment dismissing the petition for writ of habeas corpus is hereby affirmed.