442 So.2d 1104 (1983)
Alvin Tyrone THORNTON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1208.
District Court of Appeal of Florida, Fourth District.
December 28, 1983.
Rehearing Denied February 8, 1984.
*1105 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.

OPINION ON REHEARING
PER CURIAM.
This opinion supercedes our original opinion in this case.
Between 11:30 a.m. and 12:00 p.m. on January 31, 1982, appellant was arrested for the murder of James Williams. At that time appellant showed a willingness to talk, but was cut off by the police reading him his Miranda rights. Appellant was then transported to the police station and arrived approximately ten minutes after his arrest (i.e., between 11:40 and 12:10). At 12:50 p.m. an interview of appellant began. Officer Ciani asked appellant where the gun was and a few other questions. Appellant did not answer. Appellant was told there were witnesses claiming that "he did it" and that he would feel better if he talked about the incident. Appellant refused to talk until he heard what the witnesses had to say. At 1:00 p.m. appellant signed a waiver of rights form after having been read his Miranda rights again. Appellant then made a statement claiming self defense.
At trial the prosecutor attempted to show that appellant was warned of his constitutional rights, that he waived those rights and voluntarily made a statement in which he admitted killing James Williams but only in self defense. The prosecutor asked Officer Ciani about the first time he read appellant his Miranda rights at the time of his arrest.
Q. Did Mr. Thornton, the first time you read him his rights, give you an indication that he did not understand what you were saying?
Officer Ciani's answer was not confined to the question asked:
A. No, sir. He replied, "Yes," that he understood, and he did not answer any questions at the initial time of arrest.
Counsel for appellant timely objected and moved for a mistrial on the ground that the witness commented on appellant's right to remain silent. The trial judge denied the motion.
Appellant refused to talk to Officer Ciani prior to signing the waiver of rights form and subsequent to the post-arrest Miranda warnings. Thus, the comment volunteered by the police officer witness violated appellant's right to remain silent (or, more correctly, the correlative and derivative right not to have the state employ the exercise of the right to remain silent as probative of guilt).
In Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the Court held that the Federal Constitution forbids comment by the prosecution on the accused's silence. However, a violation of the Griffin rule may be harmless error under federal law if there is no reasonable possibility that the statements contributed to a conviction. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065 (1967). The burden is on the prosecution to prove this beyond a reasonable doubt. Id.
In Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the Court held that post-arrest silence after receiving warnings mandated by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) cannot be used for substantive or impeachment purposes because to do so *1106 would violate Due Process. A violation of Doyle, however, may or may not be harmless error. See Young v. Rees, 707 F.2d 935 (6th Cir.1983) (where the appellant claimed an abuse of his rights under Doyle, supra. The court affirmed without dealing with the appellant's claim since the lower court concluded that if appellant's Miranda rights had been offended, such error was harmless beyond reasonable doubt, citing to Chapman, supra); and see Sullivan v. Alabama, 666 F.2d 478 (11th Cir.1982).
In Florida, case law makes it clear that any comment on a defendant's right to remain silent is reversible error unless the error occurred under one of very limited excepted circumstances. Thus, Florida's standard is stricter than the federal standard, as illustrated by Clark v. State, 363 So.2d 331 (Fla. 1978) where the court said in part:
Finding that the Federal Constitution and the holdings of the United States Supreme Court do not mandate the adoption of an absolute rule requiring reversal in every case where there has been an improper comment on the defendant's right to remain silent, and concluding that the application of the contemporaneous objection rule in this type of case will promote the administration of justice in the State of Florida, we determine that Bostic and Clark, because of their failure to object at trial, may not for the first time raise this issue on appeal. In reaching this decision, we hold the following:
1. Reversible error occurs in a jury trial when a prosecutor improperly comments upon or elicits an improper comment from a witness concerning the defendant's exercise of his right to remain silent. Likewise, reversible error occurs when any state, defense or court witness in a jury trial spontaneously volunteers testimony concerning the defendant's exercise of his right to remain silent.
2. In a non-jury trial, an improper comment concerning the defendant's exercise of his right to remain silent is not necessarily reversible error, and it may be disregarded by the trial courts; however, it may serve as grounds for appropriate sanctions against the offending prosecutor or witness.
3. No error occurs when defense counsel comments upon or elicits testimony concerning the defendant's exercise of his right to remain silent. The same is true if defense counsel were to improperly suggest to a friendly witness that he "spontaneously" comment on the defendant's exercise of his right to remain silent so as to give him a mistrial. A defendant may not make or invite an improper comment and later seek reversal based on that comment.
4. When there is an improper comment, the defendant, if he is offended, has the obligation to object, and to request a mistrial. If the defendant does not want a mistrial, he may waive his objection.
At first blush it might appear that once the defendant comes forward with a statement or takes the stand to testify in his own behalf, he has abandoned the right to remain silent earlier exercised, permitting comment thereon by the state. The fatal illogic of this position is explained in Marshall v. State, 393 So.2d 584 (Fla. 1st DCA 1981) in the following summary:
Precisely because evidence of Marshall's silence when taken into custody was "insolubly ambiguous," suggesting either that he had not yet formulated his trumped-up story or that he simply chose to exercise the right of silence the police told him he had, the State's proof of Marshall's initial silence must be regarded not as probative in the sense first suggested, but as a penalty for the exercise of his constitutional right to be silent.
The standard to be applied in measuring whether a comment impinges upon the constitutionally guaranteed right to remain silent is expressed in our recent opinion of Kinchen v. State, 432 So.2d 586 (Fla. 4th DCA 1983). We apply that standard here and conclude that a transgression occurred. Thus, appellant is entitled to a new trial.
*1107 REVERSED and REMANDED for NEW TRIAL.
HERSEY, HURLEY and WALDEN, JJ., concur.