UNITED STATES of America, Appellee,

v.

**Reynaldo De Jesus RESTREPO-CONTRERAS, Defendant, Appellant.**

**No. 90–1660.**

United States Court of Appeals, First Circuit.

Heard Nov. 8, 1990.

Decided Aug. 21, 1991.

---

Charles A. Rodriguez, for defendant, appellant.

Warren Vazquez, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., was on brief, for appellee.

Before CAMPBELL, TORRUELLA and CYR, Circuit Judges.

CYR, Circuit Judge.

Appellant Reynaldo de Jesus Restrepo–Contreras appeals his convictions for possessing cocaine, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and for importing cocaine into the customs territory of the United States from a place outside thereof, in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2. Appellant likewise appeals the sentence imposed for the latter offense. We affirm.

I

BACKGROUND

On November 7, 1989, appellant and co-defendant Hernan Camilo Cubillos–Burbano were traveling together on a flight from Bogota, Colombia, to Madrid, Spain, with a scheduled stop in San Juan. After their suspicions had been aroused during routine questioning of appellant and his codefendant, customs agents at San Juan searched appellant's luggage and discovered eleven wax statues which were field tested and found to contain cocaine. Appellant admitted owning the statues but denied knowing they contained cocaine. After the arrest of appellant and his codefendant, tests indicated that the statues consisted of approximately five kilograms of cocaine mixed with beeswax.

At trial, appellant testified that he had purchased the statues in Colombia as a gift for a friend whom he planned to visit in Spain; that the statues were tested by customs officials when appellant left Colombia; and that the officials allowed the statues through customs even though the tests had indicated the possible presence of cocaine.

After a five-day trial, the jury found appellant guilty on both counts. Cubillos-Burbano was acquitted. At sentencing, the court implicitly determined that the beeswax and cocaine forming the statues constituted a "mixture," *see* U.S.S.G. § 2D1.1; hence the entire weight of the statues, twenty-six kilograms, was to be considered in determining appellant's base offense level. Consequently, appellant was sentenced to 360 months in prison.

Appellant raises three issues which warrant discussion. First, he asserts that his constitutional rights were violated by an impermissible variance between the offense charged in count II and the proof presented at trial. Second, he challenges the sufficiency of the evidence. Third, he asserts that the court erroneously included the weight of the beeswax with the cocaine in arriving at the total weight of the "mixture or substance" under U.S.S.G. § 2D1.1.

## II

## DISCUSSION

### A. *Variance*

■ Appellant asserts that his fifth and sixth amendment rights were violated by an impermissible variance between the offense charged in count II and the proof presented at trial. Count II charged that appellant "willfully, knowingly, and unlawfully did import into the customs territory of the United States from a place outside thereof, approximately twenty six (26) kilograms (gross weight) of cocaine, a Schedule II Narcotic Drug Controlled Substance; all in violation of Title 21, United States Code, Section 952(a) and Title 18, United States Code, Section 2." Appellant correctly contends that the indictment expressly charges that he "willfully, knowingly, and unlawfully [imported cocaine] into the customs territory of the United States," but that no such proof was offered at trial. However, appellant disregards the allegation in the indictment that he "willfully [and] knowingly" violated 21 U.S.C. § 952(a), which requires little more than " 'a showing that a defendant has knowingly brought a controlled substance with him

from abroad into the United States.' " *United States v. Mejia–Lozano*, 829 F.2d 268, 271 (1st Cir.1987). There is no statutory requirement that the government establish, as a separate element, that the defendant intended to enter the customs territory of the United States. *Id.* Since the government at trial established the requisite intent, and the district court accordingly instructed the jury, there was no impermissible variance. The allegation that appellant knew he was importing cocaine into the customs territory of the United States is one which was "unnecessary to and independent of the allegations of the offense proved [which] may normally be treated as a 'useless averment' that 'may be ignored.' " *United States v. Miller*, 471 U.S. 130, 136, 105 S.Ct. 1811, 1815, 85 L.Ed.2d 99 (1985) (quoting *Ford v. United States*, 273 U.S. 593, 602, 47 S.Ct. 531, 534, 71 L.Ed. 793 (1972)).

### B. *Sufficiency of Evidence*

■ Although appellant admits that he possessed the statues, he argues that there was insufficient evidence that he "knowingly" transported cocaine. We "assess the sufficiency of the evidence as a whole, including all reasonable inferences, in the light most favorable to the verdict, with a view to whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Batista–Polanco*, 927 F.2d 14, 17 (1st Cir.1991). "The evidence may be entirely circumstantial, and need not exclude every reasonable hypothesis of innocence; that is, the factfinder may decide among reasonable interpretations of the evidence." *Id.* (citations omitted). Although no direct evidence was . presented, "[p]roof of appellant's knowledge that he was carrying cocaine could be inferred from the circumstantial evidence." *United States v. de Leon Davis*, 914 F.2d 340, 342 (1st Cir. 1990); *see also United States v. Mateos–Sanchez*, 864 F.2d 232, 238 (1st Cir.1988).

The customs agent who first questioned appellant testified that he became suspicious when appellant provided incomplete and inconsistent answers to questions

about appellant's work and travel plans, failing to mention, for example, that his travel had originated in Medellin, Colombia. The jury was entitled to infer that appellant was attempting to mislead the agent.

Appellant testified that he had purchased the statues at a small shop in Colombia as a gift for a friend in Spain but had obtained no receipt for the statues even though he was intending to take them through customs. Although appellant testified that he intended to stay with a friend in Spain, he admitted that he did not know his friend's address. Moreover, appellant testified that customs officials in Colombia tested the statues for cocaine and let them pass through customs even though the tests suggested the presence of cocaine. Finally, appellant testified that he had neither objected to, nor requested payment for, the damage done when Colombian customs officials destroyed at least one of the statues and drilled holes into others.

■ It was the province of the jury " 'to assess the credibility of the witnesses and decide what inferences could be fairly drawn.' " *United States v. Pacheco*, 794 F.2d 7, 10 (1st Cir.1986). The jury was entitled to believe the testimony of the customs agent and disbelieve appellant. *See Batista–Polanco*, 927 F.2d at 17. Moreover, if the jury found appellant's story incredible, it could treat it as further evidence of guilt. *United States v. Mahecha–Onofre*, 936 F.2d 623, 624–625 (1st Cir. 1991); *Pacheco*, 794 F.2d at 11–12; *United States v. Lopez*, 709 F.2d 742, 747 (1st Cir.), *cert. denied*, 464 U.S. 861, 104 S.Ct. 187, 78 L.Ed.2d 166 (1983). There was sufficient evidence to support a reasonable jury finding that appellant, beyond a reasonable doubt, knowingly carried cocaine.[1]

## C. *U.S.S.G. § 2D1.1*

■ Section 2D1.1 of the Sentencing Guidelines requires that the amount of cocaine involved in the offense of conviction

be calculated on the basis of the "weight of any mixture or substance containing a detectable amount of the controlled substance." U.S.S.G. § 2D1.1. *Mahecha–Onofre*, 936 F.2d at 625. The district court tacitly treated the cocaine and beeswax as a "mixture" and found that the total weight of the controlled substance involved in the offenses for which appellant was to be sentenced amounted to twenty-six kilograms. Appellant argued, prior to the Supreme Court decision in *Chapman v. United States*, —— U.S. ——, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (LSD on blotter paper), that the district court erroneously treated the cocaine and beeswax as a "mixture or substance."

This court recently ruled that a suitcase, fabricated from cocaine chemically bonded with acrylic, was a "mixture or substance" within the meaning of 21 U.S.C. § 841 and U.S.S.G. § 2D1.1. *Mahecha–Onofre*, 936 F.2d at 626. As concerns the application of U.S.S.G. § 2D1.1, we can discern no meaningful difference between an acrylic-cocaine suitcase and a beeswax-cocaine statue. Therefore, the district court correctly included the entire weight of the statues as a "mixture or substance containing a detectable amount of the controlled substance," within the meaning of U.S.S.G. § 2D1.1.

*Affirmed.*

---

1. Appellant insists that there was insufficient evidence that he possessed, with intent to distribute, twenty-six kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), as charged in count I. However, no specific quantity of controlled substance need be proven in support of a conviction under § 841(a). *United States v. McHugh*, 769 F.2d 860, 868 (1st Cir.1985). Since the statues unquestionably contained a detectable amount of cocaine, the evidence was sufficient to support conviction under § 841(a)(1). *See* text *supra* at p. 98.