947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William P. VANDAALWYK, Defendant-Appellant.
 No. 88-2825.
 United States Court of Appeals, Seventh Circuit.
 Oct. 30, 1991.
 
 Before BAUER, Chief Judge, and CUDAHY and POSNER, Circuit Judges.
 
 ORDER
 
 1
 This matter comes before the court on defendant-appellant's Petition for Rehearing.
 
 
 2
 Mr. VanDaalwyk is serving two concurrent terms of twenty years in prison for conspiracy and for possession of cocaine with intent to distribute. As part of his sentence for possession, he is required to serve a special parole term of six years after his release from prison pursuant to 21 U.S.C. § 841(b)(1)(B). The conviction was affirmed on direct appeal (840 F.2d 494 (7th Cir.1988)); this appeal is brought under Fed.R.Crim.P. 35(a) (in pre-1987 form), challenging the special parole term. This panel affirmed the special parole term in an unpublished order dated October 31, 1990 and this Petition for Rehearing followed.
 
 
 3
 As noted in our unpublished order, this case presents an unusual reversal of roles: VanDaalwyk argues that he possessed a large quantity of cocaine while the government argues that he possessed a relatively small amount of cocaine. Under a short-lived version of 21 U.S.C. § 841(b)(1)(B), a special parole term was imposed--along with a shorter incarceration period--for possession crimes involving less than 100 grams of a drug. For crimes involving more than 100 grams, only a prison sentence was to be imposed. 21 U.S.C. § 841(b)(1)(A)(ii). See United States v. Giraldo-Avendano, 910 F.2d 80 (3rd Cir.1990) (discussing the Congressional oversight which led to the anomaly of no parole term for offenses involving more than one kilogram of a drug).
 
 
 4
 The dispute centers on the quantity of cocaine. VanDaalwyk argues that the diluted form of the cocaine is the appropriate measurement (agreed by both parties to be more than one kilogram); the government, the amount of pure cocaine (agreed by both parties to be less than one kilogram). The order disposing of the appeal, applying a literal interpretation of the statute, held that Congress intended that only the pure weight of the drug be considered. Hence, VanDaalwyk's special parole term was affirmed.
 
 
 5
 In the Petition for Rehearing, VanDaalwyk argues that the panel overlooked a statutory provision which supports VanDaalwyk's contention. 21 U.S.C. § 841(b)(1) imposes the sentencing scheme for possession of a narcotic drug. The term narcotic drug is also defined in the statute:
 
 
 6
 The term "narcotic drug" means ...
 
 
 7
 (D) Cocaine, its salts, optical and geometric isomers, and salts of isomers.
 
 
 8
 .............................................................
 
 
 9
 ...................
 
 
 10
 * * *
 
 
 11
 (F) Any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subparagraphs (A) through (E).
 
 
 12
 21 U.S.C. § 802(17). VanDaalwyk argues that since the compound falls under subparagraph (F), it qualifies him for sentencing under section 841(b)(1)(A)(ii) only.
 
 
 13
 Section 841(b)(1)(A)(ii) relates to a violation of § 841(a) involving "a kilogram or more of any other controlled substance in schedule I or II which is a narcotic drug." We now conclude that the relevant weight is the mixture, not the pure weight of the cocaine.
 
 
 14
 This conclusion is buttressed by the Supreme Court's recent decision in Chapman v. United States, 111 S.Ct. 1919 (1991). In Chapman the Court held "that it is the weight of the blotter paper containing LSD, and not the weight of the pure LSD, which determines eligibility for the minimum sentence." 111 S.Ct. at 1922. See also United States v. Restrepo-Contreras, 942 F.2d 96 (1st Cir.1991) (entire weight of statute made of cocaine and beeswax included in weight calculation); United States v. Mahecha-Onofre, 936 F.2d 623 (1st Cir.1991) ("mixture or substance" found to be entire weight of suitcase made of cocaine chemically bonded to acrylic material, less the weight of metal fittings). But cf. United States v. Jennings, 90-3503, 945 F.2d 129 (6th Cir. Sept. 16, 1991) (non-distributable, poisonous by-products not included in weight of methamphetamine); United States v. Rolande-Gabriel, 938 F.2d 1231 (11th Cir.1991) (liquid carrier medium of cocaine not included in weight calculation because drug not usable in that form).
 
 
 15
 Therefore, the Petition for Rehearing is GRANTED; this court's October 31, 1990 decision is VACATED; VanDaalwyk's sentence is VACATED and the case is REMANDED for resentencing under 21 U.S.C. § 841(b)(1)(A)(ii).