966 F.2d 1440
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Rafael HERNANDEZ-VASQUEZ, Defendant, Appellant.
 No. 90-1943.
 United States Court of Appeals,
First Circuit.
 July 6, 1992
 
 Wendy Sibbison, by Appointment of the Court, for appellant.
 Jonathan Chiel, Assistant United States Attorney, with whom A. John Pappalardo, Acting United States Attorney, was on brief for appellee.
 Before Breyer, Chief Judge, Lay,* Senior Circuit Judge, and O'Scannlain,** Circuit Judge.
 Per Curiam.
 
 
 1
 This is an appeal by Rafael Hernandez-Vasquez from convictions on one count of conspiracy, in violation of 21 U.S.C. § 846 (1988), and one count of possession of cocaine with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988), and 18 U.S.C. § 2 (1988). The convictions arose out of a single drug transaction involving the sale of a kilogram of cocaine for $23,000 in the parking lot of a Plainsville, Massachusetts apartment complex.
 
 
 2
 The sufficiency of the evidence of defendant's guilt is not contested. Rather, Hernandez-Vasquez challenges (1) the district court's denial of his motion to suppress evidence of a hidden compartment discovered in the automobile in which Hernandez-Vasquez was sitting at the time of his arrest; (2) the failure of the court to require the government to disclose the identity of a government informant who might have provided exculpatory evidence; and (3) the failure of the court to allow evidence of a co-defendant's past pattern of drug dealing while allowing such evidence to prove Hernandez-Vasquez was the courier.
 
 
 3
 In a thorough opinion, the district court[1] set forth the facts surrounding the search and arrest of Hernandez-Vasquez. In denying the motion to suppress the court found:
 
 
 4
 (1) prior to searching the automobile and finding the hidden compartment Sergeant Allen had probable cause to arrest Vasquez; (2) even if the automobile had not been searched, or even if the hidden compartment had not been found, Sergeant Allen would have arrested Vasquez; (3) there was probable cause to search the automobile; and (4) even if there was not probable cause to search the automobile at the scene of the arrest, it would have been seized in connection with Vasquez's arrest and subjected to a routine inventory search which would have inevitably disclosed the hidden compartment. Thus, Vasquez's motions to quash his arrest and suppress the evidence of the hidden compartment must be denied.
 
 
 5
 United States v. Vasquez, Cr. No. 89-149-WF, slip op. at 2 (D. Mass. Jan. 9, 1990) (memorandum and order denying motions to quash arrest and to suppress evidence).
 
 
 6
 We find no error in the district court's analysis and on the basis of the district court's reasoning on the Fourth Amendment issues, we affirm its ruling.
 
 
 7
 There exists no merit to the other grounds raised by Hernandez-Vasquez. The question of disclosure of a government informant lies within the sound discretion of the district judge. United States v. Batista-Polanco, 927 F.2d 14, 19 (1st Cir. 1991). Here the informant was not present at any transaction, but was a mere tipster. We find no abuse of discretion in the district court's ruling.
 
 
 8
 Similarly we find no error in the admission of evidence relating to Hernandez-Vasquez's prior conduct under Federal Rule of Evidence 404(b). The evidence was clearly admissible under Rule 404(b) as it related to the intent and knowledge of Hernandez-Vasquez. United States v. Rubio-Estrada, 857 F.2d 845, 848-49 (1st Cir. 1988). We find no prejudicial error in the district court's opinion.
 
 
 9
 We affirm the district court on the basis of the district court's well reasoned opinion.
 
 
 10
 The judgment of conviction is affirmed.
 
 
 
 *
 Of the Eighth Circuit, sitting by designation
 
 
 **
 Of the Ninth Circuit, sitting by designation
 
 
 [1]
 The Honorable Mark L. Wolf, United States District Judge for the District of Massachusetts