968 F.2d 1210
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Osvaldo DIAZ-CARABALLO, Defendant, Appellant.
UNITED STATES, Appellee,
v.
Calos TOBAR, Defendant, Appellant.
UNITED STATES, Appellee,
v.
Francisco Romero CALUE, Defendant, Appellant.
 Nos. 91-1667, 91-1668, 91-1670.
 United States Court of Appeals,
First Circuit.
 July 16, 1992
 
 Gabriel Hernandez Rivera, by Appointment of the Court, for appellants Osvaldo Diaz-Caraballo and Francisco Romero Calue, with whom Roman Garcia was on brief for appellant Calue.
 Gregory P. Turner, by Appointment of the Court, for appellant Carlos Tobar.
 Jose A. Quiles-Espinosa, Assistant United States Attorney, with whom Daniel P. Lopez-Romo, United States Attorney, and Edwin O. Vazquez, Assistant United States Attorney, were on brief for appellee.
 Before Breyer, Chief Judge, O'Scannlain,* and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Osvaldo Diaz-Caraballo, Carlos Tobar, and Francisco Romero Calue appeal their convictions for possessing with intent to distribute, on board a vessel on the high seas, about 322 kilograms of cocaine. 46 U.S.C. App. § 1903. They claim that the government did not introduce evidence sufficient to establish their guilt.
 
 
 2
 However, we have reviewed the record, and we find more than enough evidence to warrant a jury concluding beyond a reasonable doubt that the defendants are guilty. See United States v. Piedrahita-Santiago, 931 F.2d 127, 130 (1st Cir. 1991) (appeals court will assess " 'the sufficiency of the evidence as a whole, including all reasonable inferences, in the light most favorable to the verdict, with a view to whether a rational trier of fact could have found the defendant[s] guilty beyond a reasonable doubt' ") (quoting United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1991)). In particular, Coast Guard officers testified that, on October 7, 1990, while on board a United States Navy ship engaged in "counter-narcotics operations" in the Caribbean, they saw a 35-foot motor vessel, the Orkidea, stopped in the water. The Orkidea began to move erratically. The officers, using high-powered binoculars, noticed bales being thrown overboard from the Orkidea. After attempting without success to communicate by radio with the Orkidea, the officers stopped and boarded the boat. They noticed that the ship had almost no fishing gear, that it did have sophisticated communications equipment, and that its navigation charts included plottings from the coast of Colombia up to the place where the vessel was intercepted. The captain (defendant Diaz-Caraballo) claimed that the boat was registered in Panama, but the government of Panama denied that the vessel was registered there. The Coast Guard then arrested the four people on board, the captain and three crew members. Meanwhile, a helicopter retrieved nine of the floating bales, which were filled with cocaine. A jury, hearing this evidence, and disbelieving the defendants' testimony, could reasonably find them guilty. See, e.g., United States v. Robinson-Munoz, 961 F.2d 300, 304 (1st Cir. 1992); Piedrahita-Santiago, 931 F.2d at 130-131; United States v. Guerrero-Guerrero, 776 F.2d 1071, 1073-77 (1st Cir. 1985), cert. denied, 475 U.S. 1029 (1986).
 
 
 3
 The appellants provide no convincing argument to the contrary. They say, for example, that the testimony of the Coast Guard officers is inherently incredible, for, had the officers seen bales being thrown overboard, they would also have seen, contrary to their testimony, men throwing them overboard. They add that the boat was so small that the bales could not have fit within the hold. And, they also claim that there was no evidence that the cocaine was possessed for purposes of distribution. The jury, however, might have believed that, as the officers testified, the Orkidea's cabin blocked the officers' view and prevented them from seeing "the people throwing [the bales] over." It might also have believed that some, or all, of the bales were stored on the vessel's deck, not in the hold. And, the jury might have reasoned that four people do not carry approximately 300 kilograms of cocaine purely for personal use. See United States v. Vargas, 945 F.2d 426, 428-29 (1st Cir. 1991) ("The quantity of cocaine ... was large enough to support a fair jury inference that it was not intended merely for personal consumption."); United States v. Castellanos, 731 F.2d 979, 985 (D.C. Cir. 1984) ("intent to distribute may be inferred from ... a quantity of drugs larger than that needed for personal use") (citing cases); cf. United States v. Geer, 923 F.2d 892, 894-95 (1st Cir. 1991) (per curiam) (jury could infer conspiracy to distribute drugs from the quantities involved).
 
 
 4
 We find the arguments made by appellants to be without merit. The judgment of the district court is
 
 
 5
 Affirmed.
 
 
 
 *
 Of the Ninth Circuit, sitting by designation