UNITED STATES of America,

v.

Gilberto RAMOS, Defendant.

No. CR.A. 02–30007–MAP.

United States District Court,
D. Massachusetts.

June 4, 2002.

Linda J. Thompson, Jacobson & Thompson, P.C., Springfield, MA, for Gilberto Ramos.

Kevin G. Murphy, Pessolano, Dusel, Murphy & Casartello, Springfield, MA, for Clarie Cabezudo.

Todd E. Newhouse, United States Attorney's Office, Springfield, MA, for United States.

## MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT'S MOTION FOR DISCLOSURE OF PERCIPIENT WITNESS INFORMANT (Docket No. 32)

NEIMAN, United States Magistrate Judge.

Gilberto Ramos ("Defendant") moves to have the Government reveal certain personal information with respect to a confidential source designated as CS–01–102466 ("CS–01") in the February 20, 2002 search warrant affidavit of Drug Enforcement Administration agent Clarence Shuler. Defendant asserts that the information must be disclosed pursuant to *Roviaro v. United States*, 353 U.S. 53, 60–61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), because CS–01 was a percipient witness to several events charged in the present indictment. The Government opposes the motion. Conceding that Defendant will eventually be entitled to most of the information, the Government asserts that dis-

closure of the information now will place CS–01 in danger. For the reasons and in the manner described below, Defendant's motion will be allowed in most respects.

## I. BACKGROUND

Defendant and another individual are charged in a superseding indictment with eight counts of distributing, and possessing with intent to distribute, heroin and cocaine in violation of 21 U.S.C. § 841. With respect to Defendant, the counts relate to at least six separate dates between November 6, 2001, and February 26, 2002, when he assertedly sold cocaine or heroin to either CS–01 or an undercover agent or both. The Government maintains that CS–01 was alone when he purchased heroin from Defendant on November 6, 2001, and with the undercover agent on November 19 and December 4, 2001, when Defendant again sold heroin. The transactions were either audiotaped or videotaped.

The Government was required to produce certain specified "exculpatory information" to Defendant by March 28, 2002. *See* L.R. 116.1(C)(2); 116.2(B)(1).[1] In a letter to Defendant's counsel dated March 15, 2002, however, the Government, relying on L.R. 116.6—which permits a party to decline production if, in the party's judgment, it "would be detrimental to the interests of justice"—declined to produce much of the exculpatory information regarding CS–01. In its letter, the Government stated the following:

The government has provided [CS–01] with $700 for his cooperation in this investigation. There were no other promises, inducements or rewards given to [CS–01] in this investigation of which the government is aware. Pursuant to L.R. 116.6 the government declines to provide the name of [CS–01] in order to protect [CS–01] and in the interests of justice . . . .

Pursuant to L.R. 116.6 the government declines to provide the criminal record of [CS–01] in order to protect [CS–01] and in the interests of justice . . . .

Pursuant to L.R. 116.6 the government declines to provide any criminal cases which are pending against [CS–01] in order to protect [CS–01] and in the interests of justice . . . .

(Docket No. 24 ¶ G(c)–(e).)

Defendant's motion for disclosure, pursuant to L.R. 116.6, seeks the immediate disclosure of CS–01's name, current residential address and telephone number. Defendant made clear at oral argument that he is also seeking immediate disclosure of the other exculpatory information described above, i.e., the criminal record of CS–01 and any criminal cases which are pending against him. In its response, the Government proposes that the exculpatory information it has withheld, together with CS–01's name, be disclosed no sooner than twenty-one days before the start of trial.[2] The Government rejects outright the ap-

---

1. The rules state that the specified exculpatory information must be produced "[w]ithin the time period designated in L.R. 116.1(C)(1)," L.R. 116.2(B)(1), or, as applied here, "within twenty-eight (28) days of arraignment," L.R. 116.1(C)(1), which here occurred on February 28, 2002. That procedure was incorporated into an order of the court. (See Docket No. 17: Feb. 28, 2002 Scheduling Order ¶ 2(A) (designating March 28, 2002, as the disclosure date).)

2. In response to the court's inquiry at oral argument, the Government did not agree to produce, earlier than offered, a "sanitized" version of this exculpatory information, i.e., one which omits identifying information. *Compare United States v. Peña,* 17 F.Supp.2d 33, 34 (D.Mass.1998).

propriateness of disclosing CS–01's address and telephone number.

## II. DISCUSSION

■ Under *Roviaro*, there is no fixed rule with respect to disclosing of the identity of a confidential informant, although several considerations can be taken into account by the court: "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.*, 353 U.S. at 62, 77 S.Ct. 623. *See also United States v. Robinson*, 144 F.3d 104, 106 (1st Cir.1998). The disclosure of a confidential informant's identity is a matter entrusted to the sound discretion of the court based on the particular circumstances of each case. *See United States v. Batista–Polanco*, 927 F.2d 14, 19 (1st Cir.1991) (citing cases). Even so, "the government's privilege to withhold the names of informers must give way if 'the government's informer was the sole participant, other than the accused, in the transaction charged ... [and] was the only witness in a position to amplify or contradict the testimony of government witnesses.'" *United States v. Bibbey*, 735 F.2d 619, 621 (1st Cir.1984) (quoting *Roviaro*, 353 U.S. at 64, 77 S.Ct. 623). *See also United States v. Lewis*, 40 F.3d 1325, 1335 (1st Cir.1994).

In the case at bar, Defendant's need to know CS–01's identity is obvious since he was directly involved in at least three of the transactions with which Defendant is charged. Indeed, in one of those transactions, CS–01 was the only other participant. Thus, CS–01 was more than a mere "tipster" or "conduit." *See Batista–Polanco*, 927 F.2d at 19–20; *United States v. Martinez*, 922 F.2d 914, 920–21 (1st Cir. 1991). *See also United States v. Barnes*, 486 F.2d 776, 778–79 (8th Cir.1973) ("[W]here the witness is an active partici-

pant ... disclosure will almost always be material to the accused's defense."); *Gilmore v. United States*, 256 F.2d 565, 567 (5th Cir.1958) (similar). Accordingly, unlike the situation in *Batista–Polanco*, Defendant's interest is not "[m]ere speculation." *See id.*, 927 F.2d at 19. As a material witness, CS–01 "is the only person who is in a position to amplify or contradict crucial testimony of government witnesses." *Robinson*, 144 F.3d at 106.

■ Still, Defendant's need for disclosure, and the timing of that disclosure, must be balanced against CS–01's personal safety. *See Roviaro*, 353 U.S. at 62, 77 S.Ct. 623. The Government posits that disclosure of CS–01's identity, and any information about him, would place him in jeopardy. In support, the Government asserts that Defendant "is a member of, or associated with, the Flatbush Street Gang, a violent group of individuals prone to drug trafficking and the use of firearms." (Docket No. 37 at 4.) The Government then quotes the following from the court's memorandum and order regarding the Government's motion for detention: "[A]lthough there is little direct evidence identifying Defendant as a member of the Flatbush gang, there is sufficient circumstantial evidence that Defendant has had a close alliance with gang members." (Docket No. 19 at 7.)[3] The Government also alleges, as it did when it sought his detention, that Defendant was overheard discussing seriously hurting a Holyoke police officer and his wife. Finally, the Government asserted at oral argument that CS–01 is still cooperating with law enforcement personnel in other investigations and that disclosing his name will jeopardize those investigations.

■ Notwithstanding a possible danger, the court believes that the Government

---

**3.** The Government's motion for detention was denied.

must, forthwith, disclose CS–01's name (but not his address and telephone number) and the remaining exculpatory information described above. First, Defendant clearly is entitled to know CS–01's identity since, as the Government concedes, he is a percipient witness to material events. Second, the Government's concern about CS–01's safety appears mostly speculative; for example, while Defendant may be associated with a gang, there are no particulars offered as to how that association might play out in the case at bar. Third, in order to preserve his right to a fair trial, Defendant must be able to fully explore his available defenses. *See Robinson*, 144 F.3d at 106. To do so, Defendant will need to have access to CS–01's identity and the other exculpatory information described above. Only then can Defendant either prepare for trial or knowingly decide to change his plea. Finally, the court believes that the Government is able to produce the required information in a manner that would reasonably ensure CS–01's safety, namely, by providing it to Defendant's counsel in accord with her stated agreement that she not pass the information on to her client without first seeking and obtaining the court's permission.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion is ALLOWED as follows: the Government shall forthwith produce CS–01's name and the exculpatory information listed above to Defendant's counsel on condition that neither she nor her investigative agents reveal that information to Defendant, either directly or indirectly, sooner than twenty-one days before a firm trial date. With respect to CS–01's address

and telephone numbers, Defendant's motion is DENIED.[4]

---

4. In addition, the Government could arrange for CS–01 to be interviewed by Defendant's counsel in a neutral setting, although such an interview is not required. *See United States v. Tejeda*, 974 F.2d 210, 217 (1st Cir.1992) (and cases cited therein).