UNITED STATES of America, Appellee,

v.

Beverly BRUM, Defendant, Appellant.

No. 91–1170.

United States Court of Appeals,
First Circuit.

Heard Sept. 9, 1991.

Decided Nov. 6, 1991.

---

Margaret E. Curran, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., and Edwin J. Gale, Asst. U.S. Atty., Providence, R.I., were on brief, for appellee.

Before TORRUELLA, Circuit Judge, COFFIN, Senior Circuit Judge, and CYR, Circuit Judge.

CYR, Circuit Judge.

Appellant Beverly Brum was convicted of possessing cocaine for distribution, but was acquitted of a companion conspiracy charge. She challenges the district court's sentencing guideline determinations that her role in the offense was neither minimal nor minor, *see* U.S.S.G. § 3B1.2, and that she obstructed justice by testifying falsely at trial, *see id.* We affirm.

## I

### BACKGROUND

During the early evening hours of May 22, 1990, officers of the Providence Police Department executed a search warrant at the residence occupied by appellant and her husband, Jose Brum. According to the testimony of the three officers who first entered the Brum home, after their knock had been answered by appellant's son-in-law, the officers proceeded directly to the cellar stairway leading to the place where Jose Brum was known to have concealed a shotgun. The officers immediately observed appellant and her husband standing at the bottom of the stairs near a table on which were found cocaine packaging paraphernalia and approximately 128 grams of cocaine.

At trial, appellant testified that she was in the kitchen when the police arrived, that she was directly behind her son-in-law when he answered the knock at the front door, and that Jose was on the main stairway, leading to the second floor, when the police entered.

The government vividly contrasted the family's limited income with the abundance of worldly possessions found in and around the Brum household.[1] With considerable

William J. Murphy with whom Joseph A. Bevilacqua, Jr., Providence, R.I., was on brief, for defendant, appellant.

---

1. The police seized six automobiles, eight motorcycles and a cabin cruiser and trailer. The

Brums owned their home and a separate rental property. Among the possessions found within

difficulty, appellant attempted at trial to identify legitimate family wherewithal sufficient to account for these possessions.

First, she assayed an explanation of the $2705 cache the police found in Jose's jacket pocket, stating that the money had been given to her mother as a fiftieth wedding anniversary gift and that her mother had asked appellant to hold it for her because the Brum residence was protected by a security system. On cross-examination, however, appellant testified that the anniversary was in June; that is, *after* the police discovered the cash. Second, appellant explained that her husband had received a $33,000 inheritance in 1985. At first she suggested that she did not know for certain whether the money was ever in the Brum residence. Later she testified that the money had been hidden in the house, but that she did not know where. She then contradicted herself, stating that she had seen her husband place the money in various locations in the house. Finally, she reverted to her original story that she did not know where the money was hidden.

### A. Obstruction of Justice

The district court found that appellant perjured herself regarding the $2705 in cash found in Jose's pocket. The court alluded in particular to the intrinsic contradiction in appellant's own testimony—that the supposed wedding anniversary alternately occurred before, then after, the police discovered the money. Second, the court credited the testimony of the three police officers as to appellant's whereabouts when the police arrived.

▮▮▮ We review the challenged findings of fact for clear error, mindful of the deference to which the sentencing court's superior opportunity to assess witness credibility is entitled. *United States v. Batista–Polanco,* 927 F.2d 14, 22 (1st Cir. 1991) ("determination as to whether defendant testified untruthfully presents issue of fact subject to 'clear error' review"). *See* 18 U.S.C. § 3742(e) ("court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses," and accept sentencing court's findings unless "clearly erroneous"). *See also United States v. Akitoye,* 923 F.2d 221, 229 (1st Cir.1991). Appellant argues that the district court failed to evaluate her trial testimony "in a light most favorable to the defendant[,]" as required by U.S.S.G. § 3C1.1 comment. (n. 1). She argues that the district court unlawfully enhanced her sentence under U.S.S.G. § 3C1.1, since her testimony, viewed in a light most favorable to her, was not untruthful. As we have pointed out in the past, however, the commentary relied on by appellant " 'simply instructs the sentencing judge to resolve in favor of the defendant those conflicts about which the judge, after weighing the evidence, has no firm conviction.' " *Batista–Polanco,* 927 F.2d at 22 (quoting *United States v. Franco–Torres,* 869 F.2d 797, 801 (5th Cir.1989)). There was no equivocation whatever on the part of the district court regarding the untruthfulness of appellant's trial testimony.

We address appellant's sufficiency challenge along with her constitutional challenge to U.S.S.G. § 3C1.1, as applied.[2] Appellant claims that the § 3C1.1 enhancement unconstitutionally punished exercise of her right to testify in her own defense, because the sentencing court chose to credit the testimony of government witnesses. We need not reach the merits of the constitutional claim. The obstruction-of-justice enhancement in the present case is supportable independently of any conflict between appellant's testimony and the testimony of the police officers. The altogether sufficient, alternative ground identified by the

the Brum residence were a 1950's style diner booth, a jukebox, a pinball machine, a soda vending machine, and $5,800 in cash. Their legitimate income consisted of $222 in weekly worker compensation benefits, a small, irregular income from part-time auto repair work, and $900 per month in rental income.

2. Section 3C1.1, entitled "Obstructing or Impeding the Administration of Justice," counsels the district court to increase defendant's offense level by two points "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1.

district court concerned appellant's self-contradictory testimony relating to the anniversary gift. As we are satisfied that the latter ground, as well as her self-contradictory testimony concerning Jose's inheritance, affords ample support for the obstruction-of-justice enhancement, we decline to address the constitutional claim.

Appellant asserts that the district court violated the commentary to U.S.S.G. § 3C1.1, which states that there is to be no obstruction-of-justice enhancement for a mere denial of guilt. U.S.S.G. § 3C1.1 comment. (n. 1). Section 3C1.1 was never intended to deter "[t]he proper exercise of a criminal defendant's constitutional right to deny guilt . . ., [but recognized that] the authorized procedure for asserting innocence in a criminal proceeding is the tender of an unsworn 'not guilty' plea." *Batista–Polanco,* 927 F.2d at 22. The subsequent amendment to application note 1 explicitly states that "a denial of guilt under oath that constitutes perjury" may support an obstruction-of-justice enhancement. U.S.S.G. § 3C1.1 comment. (n. 1). *See United States v. Rehal,* 940 F.2d 1, 7 (1st Cir.1991) (noting recent amendment).

The obstruction-of-justice enhancement must stand.

### B. *Adjustment for Role in Offense*

■ Appellant challenges the sufficiency of the findings supporting the determination to deny a downward adjustment for a minimal or minor role in the offense. *See* U.S.S.G. § 3B1.2.[3] The district court's findings as to whether the defendant's participation constituted a minimal or minor role are subject to "clear error" review. *United States v. Paz Uribe,* 891 F.2d 396, 399 (1st Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 2216, 109 L.Ed.2d 542 (1990); *United States v. Wright,* 873 F.2d

437, 444 (1st Cir.1989). Appellant urges us to reject the testimony of the three police officers to the effect that she was seen standing adjacent to the basement table on which the cocaine packaging operation was being conducted when the police first entered the residence. Appellant emphasizes the contrary testimony of her son-in-law to the effect that she was not involved in the drug operation.

■ As the district court's refusal to grant a downward adjustment was supportable on the plausible testimony of the police officers, appellant's claim fails. *United States v. Ruiz,* 905 F.2d 499, 508 (1st Cir.1990) ("where there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous"). Moreover, no defendant is entitled to a downward adjustment under U.S.S.G. § 3B1.2, unless she "play[ed] a part in committing the offense that ma[de] [her] *substantially* less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (back'd) (emphasis added).

Finally, without citation to authority, appellant contends that her acquittal on the conspiracy charge entitled her to a downward adjustment under U.S.S.G. § 3B1.2.[4] The district court took appropriate account of the acquittal, reasoning that appellant "was much less than a full participant because she wasn't found guilty of conspiracy, but she was certainly guilty of possession with intent to distribute as the jury found, and not just a minimal, or minor participant." According the deference due "the district court's application of the guidelines to the facts," 18 U.S.C. § 3742(e); *United States v. Jimenez–Otero,* 898 F.2d 813, 814 (1st Cir.1990), we cannot conclude that its balancing of the

---

**3.** Section 3B1.2 states:
Based on the defendant's role in the offense, decrease the offense level as follows:
(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels. In cases falling between (a) and (b), decrease by 3 levels.

U.S.S.G. § 3B1.2.

**4.** The Fifth Circuit has considered, and summarily rejected, a somewhat similar claim. In *United States v. Molinar–Apodaca,* 889 F.2d 1417 (5th Cir.1989), the defendant had urged a downward adjustment on the ground that he had been convicted of fewer counts than his co-defendants.

relevant considerations was clearly errone-
ous.[5]

*Affirmed.*

5. The court also rejected the government's recommendation and imposed the minimum sentence allowable within the guideline range.