59 F.3d 164
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES, Appellee,
v.
Christopher ONYEJEKWE, Defendant, Appellant.
 No. 94-1772.
 United States Court of Appeals,
First Circuit.
 July 6, 1995.
 
 Christopher Onyejekwe on brief pro se.
 Sheldon Whitehouse, United States Attorney, and James H. Leavey, Assistant United States Attorney, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 On May 2, 1994, appellant Christopher Onyejekwe pled guilty to one count of credit card fraud. Sentence was imposed on July 8, 1994. This appeal followed. Appellant seeks to vacate his guilty plea and sentence on the ground of ineffective assistance of counsel. He also alleges various sentencing errors. In particular, he contends that the district court erred (1) in applying the obstruction-of-justice enhancement based on a finding that he lied about his residence at the suppression hearing; (2) in assessing him two criminal history points based on a finding that he committed the instant offense (i.e., relevant conduct) while serving a state sentence of probation; and (3) in determining the amount of restitution. For the following reasons, we affirm.
 
 BACKGROUND
 
 2
 Because appellant's conviction resulted from a guilty plea, we derive the pertinent facts from the uncontested portion of the Presentence Investigation Report (PSR), as well as the remainder of the record.[1] See United States v. Tejada- Beltran, 50 F.3d 105, 107 (1st Cir. 1995). On October 15, 1993, appellant and his co-defendant, Elizabeth Mogaji, were secretly indicted with five counts of fraudulent use of access devices.[2] 18 U.S.C. Secs. 1029(a)(2), 2. Appellant was arrested on October 20, 1993. At the time of his arrest, he was carrying "a list of names, dates of birth, mothers' maiden names, etc." An arraignment and bail hearing were held on October 21, 1993. Appellant informed pre-trial services and the magistrate that he lived at 202 Bellevue Avenue, Providence. The government proffered that appellant actually resided at 10 Stamford Avenue, Providence.
 
 
 3
 On October 22, 1993, Mogaji was arrested at 10 Stamford Avenue, where she was living under the name of Althea Medeiros. On October 25, 1993, federal agents executed a search warrant at 10 Stamford Avenue. Among the items seized were credit cards in the names of Althea Medeiros and John P. Medeiros and documents in the names of Onyejekwe and Mogaji. On October 29, 1993, a federal agent seized two plastic bags from the cellar of the Stamford property. These bags contained incriminating documents, including GM credit cards in the names of Althea and Leonard Medeiros; counterfeit drivers' licenses in various false names with a photograph of appellant or Mogaji; a list of names and other data; and blank credit card applications.
 
 
 4
 On November 3, 1993, a superseding indictment was returned which added a conspiracy count (Count 1), see 18 U.S.C. Sec. 371, to the five counts of credit card fraud (Counts 2-6). Several months later, appellant filed a motion to suppress the evidence seized at the Stamford property on October 29, 1993. An evidentiary hearing was held on April 8, 1994. At this hearing, appellant testified that he lived at 10 Stamford Avenue, and that he had placed the two plastic bags of documents in his own laundry dryer in the cellar at that address. He admitted that he told the magistrate that he lived at 202 Bellevue Avenue, but testified that he had two residences. The district court denied the motion to suppress on the ground that appellant lacked standing. The court stated in pertinent part:
 
 
 5
 It further seems to me that insofar as Mr. Onyejekwe is concerned we're going to hold him to what he told the Magistrate Judge. That he lived at 202 Bellevue. That was his home. So that he would have no expectation of privacy in number 10 Stanford Street [sic] in any event.
 
 
 6
 Appellant pled guilty to Count 3 of the superseding indictment on May 2, 1994. The remaining counts were dismissed. Prior to sentencing, a PSR was prepared. The PSR identified appellant's legal address as 202 Bellevue Avenue. Appellant objected on the ground that the PSR should reflect that he maintained a second address at 10 Stamford Avenue. The probation officer responded that during the course of his presentence interview, appellant advised that his legal address was 202 Bellevue Avenue, that Mogaji had moved to 10 Stamford Avenue, and that appellant would periodically stay with her but maintained his legal residence as 202 Bellevue Avenue.
 
 
 7
 A sentencing hearing was held on July 8, 1994. Based on a total offense level of 15 and a criminal history category of III, the court determined the guideline sentencing range to be 24-30 months. Appellant was sentenced to 28 months imprisonment, followed by a period of supervised release. He was also ordered to pay restitution to Chase Manhattan Bank in the amount of $7,036.17.
 
 DISCUSSION
 I. INEFFECTIVE ASSISTANCE OF COUNSEL
 
 8
 Appellant, who was represented by three successive court- appointed attorneys, argues that each of his attorneys was inept and that their combined deficient performance rendered his guilty plea involuntary. He also contends that his third attorney's assistance at the sentencing hearing was incompetent. Ordinarily, we do not address ineffective assistance of counsel arguments on direct appeal. This case is no exception. Appellant alleges, inter alia, that his attorneys failed to investigate his case, were ignorant and ill-prepared, and provided him with misleading information. These charges depend upon evidentiary matters which are best considered by the district court in the first instance. See, e.g., United States v. McGill, 952 F.2d 16, 19 (1st Cir. 1991) (fact-specific claims of ineffective assistance must originally be presented to the district court). Accordingly, appellant's claim of ineffective assistance is not properly before us.
 
 II. SENTENCING
 A. Obstruction of Justice
 
 9
 U.S.S.G. Sec. 3C1.1 directs the district court to increase a defendant's offense level by two levels "if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." The enhancement applies where a defendant commits perjury. See U.S.S.G. Sec. 3C1.1, comment. (n.3(b)); see also United States v. Dunnigan, 113 S. Ct. 1111, 1116 (1993) (defining perjury). In the instant case, the district court found that appellant perjured himself at the suppression hearing. Accordingly, the court made a two level upward adjustment to appellant's offense level.
 
 
 10
 Appellant contends that the district court failed to identify which portions of his testimony it believed to be false. This contention is misplaced. The district court specifically found that appellant was not telling the truth when he testified that he lived at 10 Stamford Avenue, a fact material to the issue of his standing to bring the motion to suppress. The district court was not required to make further subsidiary findings or to explain its evaluation of appellant's testimony. See United States v. Tracy, 36 F.3d 199, 203 (1st Cir.), cert. denied, 115 S. Ct. 609 (1994).
 
 
 11
 Appellant also argues that there is insufficient evidence to support the court's finding that he testified falsely. We disagree. Although the location of his residence was an issue from the very beginning, appellant consistently maintained that he lived at 202 Bellevue Avenue until the suppression hearing where, for the first time, he stated to the district court that he maintained a second residence at 10 Stamford Avenue. The court was entitled to greet this conveniently-timed announcement with skepticism. Moreover, the record discloses that appellant professes to be indigent. Under the circumstances, his testimony that he has two residences is implausible, at least without further explanation.
 
 
 12
 We are, of course, mindful that, at the arraignment, the government proffered that appellant resided at 10 Stamford Avenue. The government stated that federal agents "staked out" that address and arrested appellant when he left the house. In addition, documents belonging to appellant were seized from 10 Stamford Avenue. However, appellant told probation that he would periodically stay with Mogaji after she moved to 10 Stamford Avenue. This may explain why he was observed departing 10 Stamford Avenue and why some of his personal papers were found there, but the evidence also suggests that it was Mogaji, not appellant, who lived at the Stamford address. Given the conflicting inferences which may be drawn from the evidence, and with due deference to the sentencing court's superior opportunity to assess witness credibility, we cannot say that the district court clearly erred in finding that appellant lied at the suppression hearing.[3] United States v. Brum, 948 F.2d 817, 819 (1st Cir. 1991) (finding of perjury reviewed for clear error); United States v. Martinez, 922 F.2d 914, 925 (1st Cir. 1991) (where there is more than one plausible view of the circumstances, a sentencing court's choice among supportable alternatives cannot be clearly erroneous).
 
 B. Criminal History
 
 13
 Appellant's criminal history includes a January 21, 1993 state conviction for embezzlement and an April 2, 1993 state conviction for credit card fraud. In both cases, appellant was sentenced to probation. Acting pursuant to U.S.S.G. Sec. 4A1.1(c), the district court assessed him two criminal history points for these prior sentences. The court then added two additional criminal history points under Sec. 4A1.1(d) on the ground that appellant committed the relevant conduct while serving a sentence of probation.[4]
 
 
 14
 Appellant argues that the district court erred in assessing him the two additional points under Sec. 4A1.1(d). In particular, he contends that he should not be held accountable for the conduct involved in Count 6, namely, eighteen cash withdrawals made by Mogaji using a GM Mastercard between October 26, 1992 and June 13, 1993. Appellant claims that he was under immigration detention when these withdrawals were made and was facing prosecution for use of the same credit card. Under the circumstances, he argues, Mogaji's conduct was not foreseeable, and, so, not relevant conduct within the meaning of U.S.S.G. Sec. 1B.3. Accordingly, he further argues, the district court should not have considered this conduct in calculating his criminal history under Sec. 4A1.1(d).
 
 
 15
 We need not resolve this issue of foreseeability or the question, raised in appellant's reply brief, whether Sec. 4A1.1(d) permits a sentencing court to consider relevant conduct committed by a co-defendant in calculating a defendant's criminal history. Count 1 of the superseding indictment alleged a conspiracy between appellant and Mogaji. Based on the undisputed facts in the PSR, we think there is ample evidence that appellant conspired to commit credit card fraud and that his involvement in the conspiracy continued at least until the date of his arrest, October 20, 1993, when he was found to be carrying "a list of names, dates of birth, mothers' maiden names, etc." See United States v. Pinnick, 47 F.3d 434, 437 (D.C. Cir. 1995) (district court may rely on undisputed facts in PSR to conclude that defendant committed any extraneous acts offered as relevant conduct). Indeed, appellant's possession of the list of names and other data on October 20, 1993 was an overt act in furtherance of the conspiracy. This was relevant conduct committed by the defendant, himself, while serving a state sentence of probation. Accordingly, there was no error in adding two criminal history points under Sec. 4A1.1(d).[5]
 
 C. Restitution
 
 16
 Appellant contends that the district court erred in ordering him to pay restitution to Chase Manhattan Bank in the amount of $7,036.17 for the loss involved in Count 3. The dollar amount was apparently based on credit card charges made by appellant and Mogaji on two separate occasions at Lechmere using a Chase Manhattan Mastercard. Appellant contends that the amount owed to the bank should be offset by the value of certain goods which they did not succeed in carrying away from Lechmere. We decline to entertain this claim since it was never raised below. See United States v. Alzanki, 1995 WL 319028 at * 12 (1st Cir. June 1, 1995).[6]
 
 Affirmed.[7]
 
 
 [1]
 This record includes transcripts of the arraignments, evidentiary hearing on the motion to suppress, and disposition hearing. We note that appellant's appendix includes many documents which were not filed in the district court-including transcripts of testimony before the grand jury-and are, thus, outside the record. See Fed. R. App. P. 10(a). These latter documents, of course, cannot inform our decision
 
 
 [2]
 Elizabeth Mogaji is appellant's girlfriend
 
 
 [3]
 We also reject appellant's contention that the district court erred in failing to evaluate his testimony "in a light most favorable to the defendant[,]" as required by U.S.S.G. Sec. 3C1.1, commentary n.1. We have repeatedly stated that this "commentary" merely requires the district court to resolve in the defendant's favor " 'those conflicts about which the judge, after weighing the evidence, has no firm conviction.' " Tracy, 36 F.3d at 204 (quoting United States v. Rojo-Alvarez, 944 F.2d 959, 969 (1st Cir. 1991) (quoting other circuits)). In this case, the district court did have a firm conviction that perjury had been committed
 
 
 [4]
 The commentary to U.S.S.G. Sec. 4A1.1 states that "[t]wo points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence." U.S.S.G. Sec. 4A1.1, comment. (n.4). Relevant conduct is defined at U.S.S.G. Sec. 1B1.3. See United States v. Smith, 991 F.2d 1468, 1470-71 (9th Cir. 1993) (holding that "instant offense" under Sec. 4A1.1(d)-(e) includes "relevant conduct" pursuant to Sec. 1B1.3)
 
 
 [5]
 We also reject appellant's argument that the district court failed to resolve disputed issues of fact as required by former Fed. R. Crim. P. 32(c)(3)(D) (current version at Rule 32(c)(1)). The PSR assessed appellant two criminal history points under Sec. 4A1.1(d). In his objections to the PSR and at sentencing, defense counsel argued that this was error because the specific offense to which Onyejekwe pled guilty (Count 3) occurred before Onyejekwe was placed on probation. This objection to the PSR's legal conclusion did not dispute a factual assertion. We add that in the addendum to the PSR, the probation officer clarified that the criminal history points under Sec. 4A1.1(d) were based on relevant conduct. Defense counsel never took issue with the conclusion that the conduct involved in the dismissed counts was relevant conduct
 
 
 [6]
 Appellant also argues that Chase Manhattan Bank will receive a windfall since he and Mogaji were each ordered to pay $7,036.17 in restitution. We think it plain that appellant will receive credit for restitution paid by Mogaji towards the loss involved in Count 3, and vice versa
 
 
 [7]
 We also deny appellant's request that we order the district court to produce the audio recording of the suppression hearing. Appellant contends that the court reporter prepared two transcripts of his testimony at that hearing, that the transcripts differ, and that it cannot be determined which of the two is accurate without comparing them to the audio recording. He also suggests that the district court may have relied on an inaccurate transcript of his testimony when it determined that he perjured himself. Appellant has not followed the proper procedure for clarifying the record. See Fed. R. App. P. 10(e). In any event, we see nothing to be gained by remanding the matter to the district court. The differences between the two transcripts are insignificant